NIALL P. McCARTHY (#160175)
nmccarthy@cpmlegal.com
NANCY L. FINEMAN (#124870)
nfineman@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

JOHN M. KELSON (#75462)
kelsonlaw@sbcglobal.net
**JOHN M. KELSON LAW OFFICE**
1999 Harrison Street, Suite 700
Oakland, CA 94612
Telephone: (510) 465-1326
Facsimile: (510) 465-0871

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARKANT DHRUV,** on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>**AXA EQUITABLE LIFE INSURANCE COMPANY, AXA ADVISORS, LLC and AXA FINANCIAL SERVICES, LLC,**<br><br>    Defendants. | Case No. _____<br><br>**CLASS ACTION**   **WHA**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Violation of the Fair Labor Standards Act, 29 U.S.C. § 207 for Willful Non-payment and Late Payment of Overtime**<br>2.  **Violation of the Fair Labor Standards Act, 29 U.S.C. § 778.110(b), Improper Payment of Overtime Wages**<br>3.  **Violation of the Fair Labor Standards Act, Failure to Keep Adequate Records**<br>4.  **Failure to Pay Overtime Compensation Under California Law**<br>5.  **Failure to Pay Meal Compensation Under California Law**<br>6.  **Failure to Pay Rest Break Compensation Under California Law** |

**COMPLAINT**

1     )     7.    **Failure to Maintain Records and Provide Accurate Itemized Wage Statements Under California Law**

2     )

3     )     8.    **Failure to Timely Pay All Wages Due at Termination Under California Law**

4     )

5     )     9.    **Failure to Fully Reimburse for Business Expenses Under California Law**

6     )     10.   **Illegal Pay Deductions, California Labor Code §221**

7     )     11.   **Unfair, Unlawful and/or Deceptive Business Acts and/or Practices in Violation of California Business & Professions Code, §§ 17200 *et seq.***

8     )

9     )

10    )

11    )     **DEMAND FOR JURY TRIAL**

12    )

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  THE PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  AXA'S COMPENSATION POLICIES REGARDING
        FINANCIAL SERVICES PROFESSIONAL/SECURITIES
        BROKERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.  PLAINTIFF'S EMPLOYMENT WITH AXA . . . . . . . . . . . . . . . . . 5

V.  CLASS ACTION ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VI.  TOLLING OF STATUTES OF LIMITATIONS . . . . . . . . . . . . . . . . . . 9

VII.  CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

FIRST CLAIM
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 207
for Willful Non-payment and Late Payment of Overtime
on Behalf of the Class) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SECOND CLAIM
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 778.110(b),
Improper Payment of Overtime Wages
on Behalf of the Class) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

THIRD CLAIM
(Violation of the Fair Labor Standards Act,
Failure to Keep Adequate Records on Behalf of the Class) . . . . . . . . . . 12

FOURTH CLAIM
(Failure to Pay Overtime Compensation
on Behalf of the Class) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FIFTH CLAIM
(Failure to Pay Meal Compensation Under California Law
on Behalf of the California Subclass) . . . . . . . . . . . . . . . . . . . . . . . . . 15

SIXTH CLAIM
(Failure to Pay Rest Break Compensation Under California Law
on Behalf of the California Subclass) . . . . . . . . . . . . . . . . . . . . . . . . . 16

SEVENTH CLAIM
(Failure to Maintain Records and Provide Accurate
Itemized Wage Statements Under California Law
on Behalf of the California Subclass) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

EIGHTH CLAIM
(Failure to Timely Pay All Wages Due
at Termination Under California Law
on Behalf of the Final Pay Subclass) . . . . . . . . . . . . . . . . . . . . . . . . 19

NINTH CLAIM
(Failure to Fully Reimburse for Business Expenses
Under California Law on Behalf of the California Subclass) . . . . . . . . . . 20

TENTH CLAIM
(Illegal Pay Deductions Under California Law
on Behalf of the Reimbursement Subclass) . . . . . . . . . . . . . . . . . . . . . . . 21

ELEVENTH CLAIM
(Unfair, Unlawful, and/or Deceptive Business Acts and/or Practices
in Violation of California Business & Professions Code,
Sections 17200 *et seq.*, on Behalf of the Class and California
Subclass) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VIII.  PRAYER FOR RELIEF  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

1    Plaintiff HARKANT DHRUV, ("Plaintiff"), by his attorneys, individually
2  and on behalf of all others similarly situated, complains and alleges as follows:

## I. INTRODUCTION

4    1.    Plaintiff brings this class action on behalf of himself and a nationwide
5  class and various subclasses consisting of all individuals who are or previously
6  were employed by AXA ADVISORS, LLC, AXA Equitable Life Insurance
7  Company, subsidiaries of AXA Financial Services, LLC ("AXA") as Financial
8  Services Professionals selling AXA's insurance policies and annuity products.
9  Individuals in these positions are employees who are entitled to regular and
10  overtime compensation, break and meal periods, reimbursement of expenses that
11  they necessarily incur in discharging their job responsibilities, prompt payment of
12  amounts that the employer owes an employee when the employee quits or is
13  terminated, and other compensation and working conditions that are prescribed by
14  law.

15    2.    Yet although AXA requires its Financial Services Professionals to
16  work more than forty hours a week, as a matter of company policy and practice,
17  AXA consistently denies them such compensation and working conditions. The
18  pay that these employees receive from AXA is entirely based on commissions; they
19  receive no base salary, and no overtime pay. AXA does not provide them the break
20  and meal periods that the law requires. It does not reimburse them for expenses
21  incurred in the discharge of their responsibilities; in fact it charges them for
22  supplies. It takes improper deductions from their pay. It fails to provide prompt
23  payment of sums that it owes such employees when they quit or are terminated.
24  AXA reaps large profits from such wrongful conduct.

25    3.    In this action, Plaintiff seeks to recover all the compensation that AXA
26  was required by law to provide, but failed to provide, to him and AXA's other
27  Financial Services Professionals. This compensation includes not only regular and
28  overtime wages but also compensation for withheld reimbursements, including

1  reimbursement due for unlawful pay deductions, which include without limitation
2  improper commission "chargebacks."

3      4.    Plaintiff's claims arise under federal and California wage and hour
4  laws and California's unfair competition law, section 17200 *et seq.* of the
5  California Business and Professions Code.  Plaintiff seeks damages and equitable
6  relief, including injunctive relief, for himself and members of the plaintiff class, for
7  Defendants' violations of wage and hour laws, as alleged below.

8                    **II.  JURISDICTION AND VENUE**

9      5.    This Court has jurisdiction over the claims of Plaintiff and the class
10  pursuant to 28 U.S.C. § 1331 because the action involves questions of federal law:
11  specifically, the application of provisions of the Fair Labor Standards Act,
12  19 U.S.C. §§ 201-219.  Additionally, the Court has diversity jurisdiction over this
13  action pursuant to 28 U.S.C. § 1332(d); in that the parties are citizens of different
14  states and although the amounts to be recovered have not yet been quantified, they
15  are anticipated to exceed $5 million.  The Court has jurisdiction over the state law
16  claims of Plaintiff and the class pursuant to 28 U.S.C. § 1367.  The Court has
17  personal jurisdiction over Defendants because a substantial portion of the
18  wrongdoing alleged in this Complaint occurred within the Northern District of
19  California, and Defendants are authorized to and regularly do conduct business in
20  the Northern District of California.

21      6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a
22  substantial portion of the events and omissions giving rise to this Complaint
23  occurred within the Northern District of California.

24                        **III.  THE PARTIES**

25      **A.    Plaintiff**

26      7.    Plaintiff Harkant Dhruv, a registered securities broker who has a
27  degree in textile chemicals, was employed by AXA from June 1999 to June 2005 in
28  California.  He is a citizen of the state of California.  For purposes of the

---

1  nationwide class, Plaintiff consents in writing to be a party to this action pursuant
2  to 29 U.S.C. § 216(b).

3  **B.    Defendants**

4      8.    Defendant AXA Equitable Life Insurance Company, formerly known
5  as The Equitable Life Assurance Society of the United States, a division of
6  Defendant AXA Advisors, LLC, and AXA Financial Services, LLC (collectively
7  "AXA"), are companies with operations throughout the United States, including
8  California who were the employer of Plaintiff and the class.  They are corporations
9  existing under the laws of the State of New York and have their principal place of
10  business in New York.  AXA conducted business within the Northern District of
11  California at all times relevant to this action.

12     9.    According to its website, Defendant's parent company, AXA
13  Financial, Inc. is one of the premier organizations in financial protection and
14  wealth management through its strong brands, which includes AXA Financial
15  Services, LLC.  The AXA Group had $1.73 trillion in assets under management as
16  of December 31, 2006.  AXA provides financial services and products to
17  individuals and small businesses.  These products include financial, retirement, and
18  estate planning; life insurance; annuities; and mutual funds.

19     10.    At all times herein mentioned, Defendants and each of them, were
20  agents or joints venturers of each of the other Defendants, and in doing the acts
21  alleged herein were acting within the course and scope of such agency.  Each
22  Defendant had actual and/or constructive knowledge of the acts of each of the other
23  Defendants, and ratified, approved, joined in, acquiesced in, and/or authorized the
24  wrongful acts of each Co-Defendant, and/or retained the benefits of such wrongful
25  acts.

26  / / /

27  / / /

28

## IV.  FACTUAL ALLEGATIONS

**A.    AXA'S COMPENSATION POLICIES REGARDING FINANCIAL SERVICES PROFESSIONAL/SECURITIES BROKERS**

11.    AXA is a nationwide firm which does business in California as well as other states. AXA's employees include a category called Financial Services Professionals.

12.    AXA regularly requires its Financial Services Professionals to work more than forty hours a week.  Often they work far more than forty hours in a week, and as much as ten or more hours per day.  The nature of the Financial Services Professionals does not qualify for any of the exemptions provided by law from the overtime pay requirements of the federal Fair Labor Standards Act and California wage and hour laws.  Nevertheless, pursuant to its policies, AXA pays its Financial Services Professionals solely on a commission basis, without including any nominal salary and without paying them on a time-and-a-half or double-time basis for overtime hours worked as required by law.

13.    Under California law, as provided in the California Labor Code and/or orders of the Industrial Welfare Commission, AXA is required to provide break periods and meal periods for its employees on a specified regular basis.  For example, California employers are generally required to provide a "rest" (break) period of at least ten minutes for every four hours worked to employees whose workday lasts more than three and one-half hours.  Another example of such requirements, as to meal breaks, is that an employer in California may not permit an employee to work more than five hours without providing a meal period of at least 30 minutes, unless the employee's workday lasts less than six hours and the meal period is waived by written consent of the employee and the employers. When an employer fails to provide such break and/or meal periods, the employer is liable to pay the employee the equivalent of one hour's pay for each day on which the employer fails to provide at least one required meal period, and one hour's pay

1  for each day on which the employer fails to provide at least one required break
2  period.  AXA routinely fails to provide its Financial Services Professionals either
3  meal period or breaks, and also fails to compensate them for such periods as
4  required by California law, despite the employees' long workdays and despite the
5  fact that they are not "exempt" employees for purposes of federal and state wage
6  and hour laws.

7      14.    California law requires employers to reimburse their employees for all
8  expenses or losses that the employees necessarily incur in direct consequence of
9  discharging their job responsibilities or complying with the employer's directions.
10  AXA routinely fails to comply with this requirements with respect to its Financial
11  Services Professionals.  Indeed, it is AXA's policy and practice to deduct sums
12  (reflecting the amount of both the commission and any loss of value involved) from
13  the commissions that it pays Financial Services Professionals when a customer
14  rescinds, challenges, or fails to pay for a transaction – without any showing by
15  AXA of gross negligence or a dishonest or willful act on the part of the employee,
16  the only basis on which such deduction is permitted by law.  All these employment
17  compensation practices are forbidden by law with respect to the Financial Services
18  Professionals.

19      15.    Under California law, employers are required to pay an employee the
20  full amount of wages earned and unpaid immediately when they discharge an
21  employee, or within 72 hours after the employee quits (unless the employee has
22  given notice at least 72 hours before the time of quitting, in which case payment
23  must be made by the time the employee leaves).  AXA routinely fails to comply
24  with these requirements with respect to its Financial Services Professionals.

25  **B.    PLAINTIFF'S EMPLOYMENT WITH AXA**

26      16.    Plaintiff worked for AXA from June 1999 until June 2005 as a
27  Financial Service Professional.  He was employed by AXA.  He was required to be
28  in the office at 8:00 a.m. and he did not leave before 6:00 p.m., a ten hour day.

1  Except for a short period of time when he was first hired and was being trained, his
2  compensation was exclusively commission based. While AXA retained the
3  benefits of all profits from sales, he lost compensation if there was a loss in the
4  transaction. AXA did not pay him any overtime and it did not reimburse him for
5  business expenses; in fact it charged him for supplies. He had no specified time for
6  lunch or breaks; in fact, he routinely did not have lunch and did not have any
7  breaks. His checks were written on the AXA network account.

8                      **V. CLASS ACTION ALLEGATIONS**

9       17.    Plaintiff seeks certification, under Fed. R. Civ. P. 23, of a nationwide
10  class and of subclasses, as identified below.

11      18.    Plaintiff brings this action on behalf of himself and a nationwide class
12  consisting of all individuals who are or, at any time on or after the date four years
13  before the date of filing of this Complaint (the "class period"), were employed by
14  AXA as Financial Services Professionals. Excluded from the class are Defendants
15  and their affiliates; the officers and directors of any Defendant or of any entity in
16  which a Defendant has a controlling interest; any judicial officer assigned to this
17  matter; and legal representatives, successors, and assigns of any such excluded
18  persons.

19      19.    In addition to the nationwide class defined above, Plaintiff seeks
20  certification of the following subclasses:

21      a.    A "California subclass," consisting of all members of the class who
22            resided in California while working for AXA as Financial Services
23            Professionals;

24      b.    A "reimbursements" subclass, consisting of all members of the
25            California subclass from whose compensation AXA (i) deducted sums
26            that the brokerage firm attributed to the value of commissions and/or
27            losses of value with respect to transactions where the customer
28            rescinded, challenged, or failed to pay for a transaction done on the

1    customer's behalf, and/or (ii)  delayed payment of a full portion of

2    commission payments during the class period; and

3    c.    A "final pay" subclass, consisting of all members of the California

4    subclass who separated from employment with AXA.

5    20.    The members of the class and subclasses are so numerous that joinder

6 of all members is impracticable.  While the exact numbers of members in the class

7 and subclasses are unknown to Plaintiff at this time, such information can be

8 ascertained from records maintained by Defendants and their agents.  On the basis

9 of publicly available information, the nationwide class encompasses thousands of

10 employees.

11    21.    Common questions of law and fact exist as to all members of the class

12 and predominate over any questions affecting solely individual members of the

13 class.  Among the questions of law and fact common to the class and/or subclasses

14 are, without limitation:

15    a.    Whether class members are or at relevant times were "exempt"

16    employees for purposes of federal and state wage and hour laws.

17    b.    Whether Defendant AXA engages in unfair employee classification

18    practices, contrary to the Fair Labor Standards Act and the California

19    Labor Code, in that AXA automatically classifies its employees in

20    Financial Services Professionals as "exempt" for purposes of federal

21    and state wage and hour laws and therefore not subject to overtime

22    wage requirements;

23    c.    Whether Defendant AXA systematically failed to provide its Financial

24    Services Professionals the regular and overtime compensation that

25    they were entitled to for the hours they worked;

26    d.    Whether Defendant AXA's conduct in was "willful" within the

27    meaning of the Fair Labor Standards Act;

28

e.  Whether Defendant AXA's policies and procedures provided for members of the class to be afforded break periods and meal periods in accordance with the requirements of California wage and hour laws;

f.  The nature of Defendant AXA's policies and procedures for reimbursing class members for expenses they necessarily incurred in discharging their job responsibilities;

g.  The nature of Defendant AXA's policies and procedures for making deductions for the commissions or other pay of class members;

h.  Whether Defendant AXA's policies and procedures are, and during the class period were, designed to ensure that Financial Services Professionals received prompt payment of all compensation owed to them when they quit after giving notice or otherwise separated from employment with AXA;

i.  Whether Defendant AXA's compensation policies with respect to its Financial Services Professionals violate federal law;

j.  Whether Defendant AXA's compensation policies with respect to its Financial Services Professionals violate state law;

k.  Whether Defendant AXA's practices violate California's unfair competition law, Business and Professions Code section 17200 *et seq.*;

l.  Whether Plaintiff and the class members are entitled to the injunctive and equitable relief requested herein, including restitution and both prohibitive and prescriptive injunctions; and

m.  Whether Plaintiff and the class members have sustained damages, and the proper measure of overall damages.

22.  There are no substantial individual questions among the class claims, other than the amount of relief that each class or subclass member is entitled to receive, and Plaintiff is not aware of any conflicts between himself and class members.

1    23.    Plaintiff's claims are typical of the claims of the members of the class,
2 as Plaintiff and all other members of the class sustained damages arising out of
3 Defendants' wrongful conduct.  Plaintiff is aggrieved at the damages and unfair
4 and deceptive treatment he and all other class members have suffered at
5 Defendants' hands, and is intent on seeing such wrongs remedied.  Plaintiff
6 therefore is committed to fairly, adequately, and vigorously representing and
7 protecting the interests of the members of the class, and has retained counsel
8 competent and experienced in class action and employment litigation for this
9 purpose.  Neither Plaintiff nor his counsel have any interests that might cause them
10 to refrain from vigorously pursuing the claims in this class action.

11    24.    A class action is superior to other available methods for the fair and
12 efficient adjudication of this controversy because joinder of all members is
13 impracticable.  In addition, prosecution of separate actions by individual class
14 members would create an inherent risk of inconsistent and varying adjudications,
15 which could in turn establish conflicting standards of conduct for Defendants.
16 Furthermore, due the great disparity in market power between the parties and the
17 fact that many class members continue to depend on Defendants for their
18 livelihood, a class action may be the only way, as a practical matter, that the cases
19 will be prosecuted and class members' rights under federal and state wage and hour
20 laws vindicated.  Plaintiff knows of no serious difficulty likely to be encountered in
21 the management of this action that would preclude its maintenance as a class
22 action.

23                   **VI.  <u>TOLLING OF STATUTES OF LIMITATIONS</u>**

24    25.    Any applicable statutes of limitations have been tolled by Defendant's
25 continuing, knowing, and active concealment of the facts alleged herein.  Despite
26 exercising reasonable diligence, Plaintiff and the class could not have discovered,
27 did not discover, and were prevented from discovering, the wrongdoing
28 complained herein.

---

1    26.    In the alternative, Defendants should be stopped from relying on any

2  statutes of limitations.  Defendants owed Plaintiff and the class an affirmative duty

3  of full and fair disclosure, but knowingly failed to honor and discharge such duty.

### VII.  CLAIMS

### FIRST CLAIM

### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

### for Willful Non-payment and Late Payment of Overtime

### on Behalf of the Class)

9    27.    Plaintiff hereby incorporates by reference the allegations contained in

10  Paragraphs 1 through 26 above.

11    28.    Pursuant to FLSA § 207 (a)(1), an employer shall not employ any

12  employee for a workweek longer than forty hours unless such employee receives

13  compensation for his employment in excess of the hours above specified at a rate

14  not less than one and one-half times the regular rate at which he is employed.

15    29.    Defendants have either recklessly, or knowingly and intentionally

16  failed and refused to compensate Plaintiff and the class for overtime compensation

17  earned during a particular work period by the regular pay day for the period in

18  which the work ended.

19    30.    Defendants have delayed the payment of overtime for a period longer

20  than is reasonably necessary for them to compute and arrange for payments of the

21  amounts due.

22    31.    As a result, Defendants have deprived Plaintiff and the class of the

23  rights, privileges and immunities secured to them by federal law which clearly sets

24  forth that Plaintiff and the class are entitled to be paid for their overtime hours

25  worked in a work week by regular pay day for the period in which such work week

26  ended.  Defendants knew, or should have known that their reckless and /or willful

27  and intentional failure and refusal to pay overtime worked by Plaintiff and the class

28  in a timely manner violates these rights, privileges and immunities.

1    32.    As a direct result of Defendants' failure and refusal to pay overtime
2  compensation, Plaintiff and the class have suffered and continue to suffer
3  substantial losses related to the use and enjoyment of the amount of the unpaid
4  overtime compensation.  Plaintiff and the class are entitled to compensatory
5  damages in an amount according to proof, including but not limited to a sum
6  equivalent to their unpaid compensation.

7    33.    Plaintiff and the class further request recovery of interest, attorney fees
8  and costs, and such other penalties and legal and equitable remedies as are
9  provided by law.

10                          **SECOND CLAIM**

11        **(Violation of the Fair Labor Standards Act, 29 U.S.C. § 778.110(b),**

12                **Improper Payment of Overtime Wages**

13                       **on Behalf of the Class)**

14    34.    Plaintiff re-alleges and incorporates by reference every allegation in
15  paragraphs 1 through 33, as though fully set forth herein.

16    35.    Pursuant to FLSA § 778.110(b), employees who receive bonuses or
17  other compensation for services in addition to their regular rate of pay are entitled
18  to premium pay for any overtime hours worked during the period the bonus or
19  other compensation was earned.

20    36.    During the course of employment for Defendants, Plaintiff and the
21  class were required to work and did work in excess of forty hours per week.
22  Defendants had knowledge of Plaintiff's and the class' overtime work.

23    37.    During the course of employment for Defendants, Plaintiff and the
24  class received bonus pay that was not calculated into their overtime rate.
25  Defendants had knowledge that Plaintiff and the class did not have their bonus pay
26  or other compensation calculated into their overtime rates.

27    38.    As a result, Defendants have deprived Plaintiff and the class of the
28  rights, privileges and immunities secured to them by federal law which clearly sets

---

**COMPLAINT**                                                    11

forth that Plaintiff and the class are entitled to be paid for their overtime hours worked at a rate in accordance with federal law. Defendants knew, or should have known that their reckless and /or willful and intentional failure and refusal to pay overtime worked by Plaintiff and the class at the appropriate rate violates these rights, privileges and immunities.

39.    As a direct result of Defendants' failure and refusal to pay overtime compensation, Plaintiff and the class have suffered and continue to suffer substantial losses related to the use and enjoyment of the amount of the unpaid overtime compensation. Plaintiff and the class are entitled to compensatory damages in an amount according to proof, including but not limited to a sum equivalent to their unpaid compensation.

40.    Plaintiff and the class further request recovery of interest, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

### THIRD CLAIM

### (Violation of the Fair Labor Standards Act,

### Failure to Keep Adequate Records on Behalf of the Class)

41.    Plaintiff re-alleges and incorporates by reference every allegation in paragraphs 1 through 40, as though fully set forth herein.

42.    At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the class, including records sufficient to accurately determine the wages, other compensation, hours of employment, and lunch and rest breaks pertaining to Plaintiff and the class.

43.    Plaintiff and the class seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations.

---

44.    Plaintiff and the class further request recovery of interest, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

### FOURTH CLAIM

### (Failure to Pay Overtime Compensation
### on Behalf of the Class)

45.    Plaintiff re-alleges and incorporates by reference every allegation in paragraphs 1 through 33, as though fully set forth herein.

46.    Pursuant to California Labor Code § 510 an employer, such as Defendants, must pay overtime compensation to all non-exempt employees for hours worked in excess of eight hours per day and/or 40 hours per week, and for the first eight hours worked on the seventh day of work in any one workweek.

47.    Pursuant to California Labor Code section 551, all employees have a right to one day's rest from work in a seven-day period.

48.    Pursuant to California Labor Code section 515(d), "For the purpose of computing the overtime rate of compensation required to be paid to a non-exempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

49.    Pursuant to California Public Policy and the provisions of California Labor Code sections 206.5, 219(a) and 1194(a), no purported agreement to work for a lesser wage or to work without overtime compensation may be legally enforceable and any such purported express or implied agreement is "null and void."

50.    Pursuant to California Labor Code sections 226 and 1174, and Wage Order 4-2001 section 7, Defendants are required to keep accurate, itemized records of all hours worked and all compensation earned by Plaintiff and the California subclass.

1    51.    Pursuant to California Public Policy and Labor Code sections 200,
2  204, and 201-203, it is the fundamental right of Plaintiff and the California
3  subclass to receive timely payment of all compensation due, including the premium
4  compensation earned, as a matter of California Law, as compensation for each
5  overtime hour worked.

6    52.    Plaintiff and the California subclass are not presently exempt and has
7  not at any time during their employment at AXA been exempt from overtime pay
8  requirements under California law.

9    53.    Defendants have knowingly and willfully failed to pay and refuse to
10  pay Plaintiff overtime compensation owed to Plaintiff and the California subclass
11  for overtime hours worked as required by California wage and hour laws.

12    54.    As a direct result of Defendants' failure and refusal to pay overtime
13  compensation to Plaintiff, Plaintiff and the California subclass have suffered and
14  continue to suffer substantial losses related to the use and enjoyment of such
15  wages, lost interest on such wages, and expenses and attorneys' fees associated
16  with this effort to compel Defendants to fully perform their obligation under state
17  law.  Plaintiff and the California subclass are entitled to compensation for unpaid
18  overtime, together with interest, in an amount according to proof at time of trial.

19    55.    Defendants committed the acts alleged herein knowingly and willfully,
20  with the wrongful and deliberate intention of injuring Plaintiff and the California
21  subclass, from improper motives, and in conscious disregard of their rights.
22  Plaintiff and the California subclass are thus entitled to recover nominal, actual,
23  compensatory, punitive, and exemplary damages in amounts according to proof at
24  time of trial.

25    56.    Plaintiff and the California subclass further request reasonable
26  attorneys' fees and costs pursuant to Labor Code § 1194, and any penalties and
27  legal and equitable remedies as are provided by law.

28

1   WHEREFORE, Plaintiff and the California subclass pray for relief as set
2   forth below.

### FIFTH CLAIM

**(Failure to Pay Meal Compensation Under California Law**
**on Behalf of the California Subclass)**

6   57.   Plaintiff re-alleges and incorporates by reference every allegation in
7   paragraphs 1 through 33, as though fully set forth herein.

8   58.   Pursuant to California Labor Code Section 512 and Wage Order
9   4-2001, section 11, an employer may not employ an employee for a work period of
10  more than five hours per day without providing the employee with a meal period of
11  not less than 30 minutes, during which time the employee must be fully relieved of
12  all duty. Pursuant to California Labor Code section 226.7 and Wage Order 4-2001,
13  sections 11(b), each failure to provide the specified meal period entitles the
14  employee to receive and additional compensation premium equal to one hour of
15  pay.

16  59.   Plaintiff and the California subclass consistently worked over five
17  hours per shift and therefore were entitled to a meal period of not less than thirty
18  minutes prior to exceeding five hours of employment.

19  60.   Plaintiff and the California subclass did not waive their meal periods
20  by mutual consent with Defendants or otherwise.

21  61.   Plaintiff and the California subclass did not enter into any written
22  agreement with Defendants agreeing to an on-the-job meal period.

23  62.   Defendants failed to provide Plaintiff and the California subclass with
24  a meal period in accordance with the law.

25  63.   In violation of California law, Defendants have deliberately and
26  intentionally failed to pay and refuse to pay Plaintiff and the California subclass for
27  the premium compensation due to them by law as consideration for foregoing such
28  meal periods.

64.    As a direct result of Defendants' failure and refusal to pay compensation for forgone meal periods to Plaintiff and the California subclass, they have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees associated with this effort to compel Defendants to fully perform their obligation under state law. Plaintiff and the California subclass are entitled to compensation due for foregone meal periods, in an amount according to proof at time of trial.

65.    Plaintiff and the California subclass further request payment of applicable interest penalties, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law.

WHEREFORE, Plaintiff and the California subclass pray for relief as set forth below.

### SIXTH CLAIM

### (Failure to Pay Rest Break Compensation Under California Law
### on Behalf of the California Subclass)

66.    Plaintiff re-alleges and incorporates by reference every allegation in paragraphs 1 through 33, as though fully set forth herein.

67.    Pursuant to California Wage Order 4-2001, section 12, every employer shall authorize and permit all employees to take rest periods, at the rate of 10 minutes of rest per four hours of work, or major fraction thereof. Pursuant to California Labor Code section 226.7 and Wage Order 4-2001, section 12(b), each failure to provide the specified rest period entitles the employee to receive an additional compensation premium equal to one hour of pay.

68.    Plaintiff and the California subclass consistently worked for at least eight hours a day and was entitled to a net rest period of ten minutes during each four hours of employment.

69.    Plaintiff and the California subclass did not waive their rest periods by mutual consent with Defendants or otherwise.

1    70.    Plaintiff and the California subclass did not enter into any written
2  agreement with Defendants agreeing to an on-the-job rest period.

3    71.    Defendants failed to provide Plaintiff and the California subclass with
4  a rest period in accordance with the law.

5    72.    In violation of California law, Defendants have deliberately and
6  intentionally failed to pay and refuse to pay Plaintiff and the California subclass for
7  the premium compensation due to them by law as consideration for foregoing such
8  rest periods.

9    73.    As a direct result of Defendants' failure and refusal to pay
10 compensation for forgone rest periods to Plaintiff and the California subclass, they
11 have suffered and continue to suffer substantial losses related to the use and
12 enjoyment of such wages, lost interest on such wages, and expenses and attorneys'
13 fees associated with this effort to compel Defendants to fully perform their
14 obligation under state law.  Plaintiff and the California subclass are entitled to
15 compensation due for foregone rest periods, in an amount according to proof at
16 time of trial.

17   74.    Plaintiff and the California subclass further requests payment of
18 applicable interest penalties, attorney fees and costs, and such other penalties and
19 legal and equitable remedies as are provided by law.

20        WHEREFORE, Plaintiff and the California subclass pray for relief as set
21 forth below.

22 / / /

23 / / /

24

25

26

27

28

---

**COMPLAINT**                                                                17

**SEVENTH CLAIM**

**(Failure to Maintain Records and Provide Accurate**

**Itemized Wage Statements Under California Law**

**on Behalf of the California Subclass)**

75.    Plaintiff re-alleges and incorporates by reference every allegation in paragraphs 1 through 33, as though fully set forth herein.

76.    Pursuant to California Labor Code sections 226 and 1174, and Wage Order 4-2001 section 7, Defendants are required to keep accurate, itemized records relating to employee compensation including all hours worked, all compensation earned including overtime, bonuses, vacation, and sick pay; all deductions; records of meal periods; and all formulas and production records used to calculate wages due, including any wages earned under an incentive, bonus, commission, piece rate or sales compensation plan.

77.    Defendants are also required to provide an accurate itemized earnings statement at the time of each payment of wages or semimonthly. This statement must include gross wages earned; total hours worked by any non-exempt employee; the number of bonuses, commissions, incentives, sales compensation, or piece-rate units earned and any applicable rate; the inclusive dates of the period for which the employee is being paid; the name of the employee; the name and address of the legal entity that is the employee's actual employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.    In violation of California State Law, Defendants have failed to maintain and refuses to maintain the accurate records and wage statements required.

79.    As a direct result, Plaintiff and the California subclass have suffered and continue to suffer by being deprived of the true facts pertaining to

/ / /

1  compensation and employment.  Plaintiff's and the California subclass' damages
2  are in an amount according to proof at trial.

3      80.    Plaintiff and the California subclass seek recovery of the penalties
4  authorized by Labor Code sections 226(e) and 558 and such other interest,
5  penalties, attorneys' fees, expenses and costs, and legal and equitable remedies as
6  are provided by law.

7      WHEREFORE, Plaintiff and the California subclass pray for relief as set
8  forth below.

9                          **EIGHTH CLAIM**

10                  **(Failure to Timely Pay All Wages Due**

11                  **at Termination Under California Law**

12                  **on Behalf of the Final Pay Subclass)**

13      81.    Plaintiff re-alleges and incorporates by reference every allegation in
14  paragraphs 1 through 33, as though fully set forth herein.

15      82.    Pursuant to California Labor Code Sections 201-203, all compensation
16  earned by an employee is due to be paid within 72 hours of termination to any
17  employee who resigns with less than 72 hours notice.  Compensation earned by all
18  other employees is due "immediately" upon termination of their employment.

19      83.    In violation of California Law, Defendants have failed to pay and
20  refuses to pay all compensation owed to Plaintiff and the Final Pay subclass upon
21  termination, and failed to make final compensation payments within the required
22  time period.

23      84.    As a direct result of Defendants' failure and refusal to pay all wages
24  due at termination to Plaintiff and the Final Pay subclass, Plaintiff and the Final
25  Pay subclass have suffered and continue to suffer substantial losses related to the
26  use and enjoyment of such wages, lost interest on such wages, and expenses and
27  attorneys' fees associated with this effort to compel Defendants to fully perform
28  their obligation under state law.  Plaintiff and the Final Pay subclass are entitled to

1  recover compensation due for all wages due at termination, in an amount according
2  to proof at time of trial.

3      85.    Plaintiff and the Final Pay subclass further request payment of
4  applicable "waiting time" penalties under Labor Code section 203, as well as
5  interest, attorney fees and costs, and such other penalties and legal and equitable
6  remedies as are provided by law.

7      WHEREFORE, Plaintiff and the Final Pay subclass pray for relief as set
8  forth below.

9                          **NINTH CLAIM**

10          **(Failure to Fully Reimburse for Business Expenses**

11      **Under California Law on Behalf of the California Subclass)**

12     86.    Plaintiff re-alleges and incorporates by reference every allegation in
13  paragraphs 1 through 33, as though fully set forth herein.

14     87.    Pursuant to California Labor Code section 2802(a), "an employer shall
15  indemnify his or her employee for all necessary expenditures or losses incurred by
16  the employee in direct consequence of the discharge of his or her duties, or of his
17  or her obedience to the directions of the employer."

18     88.    Pursuant to Labor Code section 2804, any contract or agreement,
19  express or implied, made by any employee to waive this benefit or any part thereof
20  is "null and void".

21     89.    Plaintiff and the California subclass were required by Defendants to
22  personally incur necessary expenditures in direct consequence of the discharge of
23  their duties.

24     90.    Defendants failed to fully and reasonably reimburse and refused to
25  fully and reasonably reimburse Plaintiff and the California subclass for the
26  necessary expenditures in direct consequence of the discharge of their duties which
27  Plaintiff and the California subclass personally incurred.

28  / / /

91.    As a direct result of Defendants' failure and refusal to fully and reasonably reimburse Plaintiffs and the California subclass' business expenses, Plaintiff and the California subclass have suffered and continue to suffer substantial losses related to the use and enjoyment of the amount of the unreimbursed business expenses, lost interest on that amount, and expenses and attorneys' fees associated with this effort to compel Defendants to fully perform their obligation under state law. Plaintiff and the California subclass are entitled to recover reimbursement of all business expenses at a reasonable rate, in an amount according to proof at time of trial.

92.    Plaintiff and the California subclass further request recovery of interest accruing from the date on which Plaintiff and the California subclass incurred the necessary expense or loss, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law.

WHEREFORE, Plaintiff and the California subclass pray for relief as set forth below.

## TENTH CLAIM

### (Illegal Pay Deductions Under California Law
### on Behalf of the Reimbursement Subclass)

93.    Plaintiff re-alleges and incorporates by reference every allegation in paragraphs 1 through 33, as though fully set forth herein.

94.    Pursuant to California Labor Code section 221, an employer may not collect or receive from an employee any part of wages previously paid by the employer to the employee.

95.    Pursuant to California Labor Code section 223, where any statute or contract requires an employer to maintain the designated wage scale, it is illegal for an employer to secretly pay a lower wage to an employee while purporting to pay the wage designated by statute or contract.

/ / /

96.    When an employee is paid a commission as an "advance" or a "draw," it is unlawful under California Labor Code section 221 for an employer to "charge back" or take back any commission that has been paid to an employee whether or not the transaction upon which the commission was based is fully realized or retained by the employer.

97.    Defendants paid Plaintiff and the Reimbursement subclass pursuant to commissions and illegally charged-back commissions if the transaction was not fully realized or retained by AXA.

98.    As a direct result of Defendants' illegal deductions, Plaintiff and the Reimbursement subclass have suffered and continue to suffer substantial losses related to the use and enjoyment of the amount of the deducted monies, lost interest on that amount, and expenses and attorneys' fees associated with this effort to compel Defendants to fully perform their obligation under state law. Plaintiff and the Reimbursement subclass are entitled to recover reimbursement of all illegal deductions, in an amount according to proof at time of trial.

99.    Plaintiff and the Reimbursement subclass further request recovery of interest, attorney fees and costs, and such other penalties and legal and equitable remedies as are provided by law.

WHEREFORE, Plaintiff and the Reimbursement subclass pray for relief as set forth below.

### ELEVENTH CLAIM

**(Unfair, Unlawful, and/or Deceptive Business Acts and/or Practices**
**in Violation of California Business & Professions Code,**
**Sections 17200 *et seq.*, on Behalf of the Class and California Subclass)**

100.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 99 above.

/ / /

/ / /

101.   The federal Fair Labor Standards Act provides generally that:

No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

102.   As alleged above, it is and throughout the relevant time period has been the policy and practice of AXA and its predecessor in interest to ignore this requirement with respect to the compensation of its Financial Services Professionals, *i.e.*, members of the nationwide class.

103.   Section 17200 of the California Business & Professions Code prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice."

104.   Defendants, and each of them, engaged in unlawful business acts and/or unlawful business practices in violation of California Business & Professions Code section 17200 *et seq.*, by violating both (1) the overtime compensation requirements of the federal Fair Labor Standards Act and its implementing regulations and (2) numerous provisions of California's Labor Code and related regulations, including Wage Orders issued by the Industrial Welfare Commission.

105.   Defendants' acts and practices are unfair in that they offend public policy as expressed in statutes and regulations, are unconscionable, are oppressive, and are unscrupulous.

/ / /

/ / /

**COMPLAINT**                                                                                        23

106.   Defendants' acts and practices are fraudulent, in that they are likely to mislead Defendants' employees, to their detriment, into believing that Defendants' compensation policies and practices are authorized by law.

107.   Pursuant to section 17203 of the California Business & Professions Code, Plaintiff and the members of the class and the California subclass seek an order of this Court enjoining the Defendants, and each of them, from continuing their unfair, unlawful, and/or deceptive business act or practices in the State of California.  Plaintiff and the members of the class and the California subclass will be irreparably harmed if such an order is not granted.

108.   Further, Plaintiffs and the members of the class and the California subclass seek restitution and disgorgement of profits realized by Defendants, and each of them, as a result of their unfair, unlawful, and/or deceptive business practices.

WHEREFORE, Plaintiff and the class pray for relief as set forth below.

## VIII.   **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all other members of the class and subclasses, requests judgment and relief as follows:

1.   Certification of this action as a class action on behalf of the proposed nationwide class, the California subclass, the reimbursements subclass, and the final pay subclass, and designation of Plaintiff as a representative of the class and subclasses and of his counsel as class and subclass counsel;

2.   An award of compensatory damages according to proof;

3.   An award of restitution and disgorgement of the full value of all sums and enrichment that Defendants wrongfully have obtained, and continue to obtain, at the expense of Plaintiff and the class and subclasses, according to proof;

/ / /

1      4.    Injunctive relief against Defendants to prevent future wrongful

2           conduct;

3      5.    Prejudgment interest at the maximum legal rate;

4      6.    Costs of the proceedings herein;

5      7.    Reasonable attorneys' fees; and

6      8.    All such other and further relief as the Court deems just.

7

8  Dated: August 23, 2007       **COTCHETT, PITRE & McCARTHY**

9

10                    By: _____

                              NIALL P. McCARTHY

11

12  Dated: August 23, 2007       **JOHN M. KELSON LAW OFFICE**

13

14                    By: _____

                              JOHN M. KELSON

15

16                    Attorneys for Plaintiff and the Class

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby requests a jury trial on the claims so triable.

Dated: August 23, 2007                **COTCHETT, PITRE & McCARTHY**

By: _____
     NIALL P. McCARTHY

Dated: August 23, 2007                **JOHN M. KELSON LAW OFFICE**

By: _____
     JOHN M. KELSON

Attorneys for Plaintiff and the Class

## CONSENT TO SUE

**Re:    Harkant Dhruv v. AXA Equitable Life Insurance Company, et al.,
United States District Court, Northern District of California**

In accordance with Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.

§ 216(b), I hereby give my consent in writing to become a party plaintiff in the

above action and authorize the filing of this consent form in the United States

District Court for the Northern District of California.

Dated: August 22nd, 2007

Harkant Dhruv
c/o COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

27